UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SOPHIA B.,[1]

    Plaintiff,

v.                                                21-CV-629 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

---

## DECISION AND ORDER

Plaintiff Sophia B. brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act (the Act) seeking review of a decision made by the Commissioner of the Social Security Administration (the Commissioner) finding that she was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 8. The Commissioner responded and moved for judgment on the pleadings. Dkt. 9. Plaintiff replied. Dkt. 10. For the reasons below, the Court DENIES Plaintiff's motion and grants the Commissioner's motion for judgment on the pleadings.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## **PROCEDURAL HISTORY**

This action originates from Plaintiff's applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), which she filed on January 31, 2013.[2] Tr. 620.[3] Plaintiff's applications were initially denied on June 19, 2013. Tr. 93–98. She requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 22–23. ALJ Eric L. Glazer issued an unfavorable decision on April 30, 2015. Tr. 24–26. A court in this District later remanded Plaintiff's case based on a joint stipulation. *See* Tr. 667–68.

On remand, ALJ Melissa Lin Jones held a hearing on August 29, 2019, and she issued a decision finding that Plaintiff was not disabled on September 19, 2019. *See* Tr. 551–73. Plaintiff appealed the decision, and, on July 27, 2020, another court in this District remanded Plaintiff's case based on a second joint stipulation. Tr. 1243–1244. ALJ Bryce Baird held a third hearing on March 4, 2021, and, on March 30, 2021, issued an unfavorable decision. *See* Tr. 1151–67. Plaintiff then appealed to this Court. Dkt. 1.

---

[2] To receive DIB, a claimant must show that she became disabled while meeting the Act's insured status requirements. *See* 42 U.S.C. § 423(d)(1)(A); *Schillo v. Kijakazi*, 31 F.4th 64, 69-70 (2d Cir. 2022). SSI, however, "provides benefits to each aged, blind, or disabled individual who does not have an eligible spouse and whose income and resources fall below a certain level." *Clark v. Astrue*, 602 F.3d 140, 142 (2d Cir. 2010) (quoting 42 U.S.C. § 1382(a)) (internal quotation marks omitted). The Social Security Administration uses the same five-step evaluation process to determine adult eligibility for both programs. *See* 20 C.F.R. §§ 404.1520(a)(4) (DIB), 416.920(a)(4) (SSI).

[3] "Tr." refers to the transcript of the proceedings before the Social Security Administration. See Dkt. 7.

2

## **LEGAL STANDARDS**

### I. DISTRICT COURT REVIEW

Judicial review of disability claims under the Act is limited to whether the Commissioner's conclusions were "supported by substantial evidence in the record and based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012). The Commissioner's factual findings are conclusive when supported by substantial evidence. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). Substantial evidence is "more than a mere scintilla" of evidence and means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

While the Court does not determine *de novo* whether the claimant is disabled, the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable doubt as to whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see also Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (holding that the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II. DISABILITY DETERMINATION

Regulations for SSI and DIB establish "a five-step 'sequential evaluation' process for determining eligibility for benefits." *Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). Substantial gainful activity is "work activity that involves doing significant physical or mental activities" and is normally done "for pay or profit." 20 C.F.R. §§ 404.1572, 416.972. If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

At step two, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Absent such impairment, the claimant is not disabled. *Id.*

At step three, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 416.920(c). If such criteria are met, then the claimant is deemed disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d).

Even if the claimant is not deemed disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. In particular, the ALJ must next determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is a holistic assessment of the

4

claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. 20 C.F.R. §§ 404.1545, 416.945.

At step four, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is capable of performing past relevant work, then the claimant is deemed not disabled. 20 C.F.R. §§ 404.1560(b)(3), 416.960(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

At the final step, the ALJ must determine whether the claimant is able to perform any other relevant work corresponding with her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1560(c), 416.960(c). At this point, the burden of proof shifts from the claimant to the Commissioner to prove that the individual's impairment is "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quoting 42 U.S.C. § 423(d)(1)(A)).

## DISCUSSION

### I. THE ALJ'S DECISION

ALJ Baird used the five-step sequential analysis to determine whether Plaintiff was disabled under the Act. At step one, the ALJ determined that Plaintiff

had engaged in substantial gainful activity from March 1, 2014 through February 4, 2015. Tr. 24–26. He also found that there had been a continuous 12-month period during which Plaintiff did not engage in substantial gainful activity. Tr. 1154. Thus, his decision adjudicated the time periods from August 15, 2012 through February 28, 2014, and February 5, 2015 through March 30, 2021. Tr. 1154.

At step two, the ALJ found that Plaintiff suffered from the following severe, medically determinable impairment: degenerative disc disease of the lumbar spine, status post L5-S1 fusion. Tr. 1155. He thus determined that Plaintiff had established a medically determinable impairment significantly limiting her ability to do basic work activities. *Id.* But at step three, the ALJ concluded that Plaintiff's degenerative disc disease did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 1158.

At step four, after considering the entire record, the ALJ determined that Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) with the following limitations:

> Plaintiff can lift and carry 10 pounds occasionally and five pounds frequently; sit for up to six hours in an eight-hour work day; stand or walk for up to two hours in an eight-hour work day; occasionally climb ramps or stairs; never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, and crouch; never crawl; perform occasional overhead reaching with the upper extremities; and can never be exposed to excessive vibration, hazards such as unprotected heights or moving machinery, or have direct exposure to bright or flashing lights.

Tr. 1158.

The ALJ found that Plaintiff was able to return to her past relevant work as a collection clerk. Tr. 1165. The ALJ concluded that Plaintiff's conditions did not preclude the performance of sedentary work with postural and environmental limitations. Tr. 1158. The ALJ proceeded to step five and relied on Medical-Vocational Rule 201.28 as a framework for decision making, together with vocational expert testimony, to determine that there was other unskilled work existing in significant numbers in the national economy that Plaintiff could perform. Tr. 1166–67. As such, the ALJ found Plaintiff not disabled. Tr. 1167.

## II. PLAINTIFF'S ARGUMENT

Plaintiff argues that the ALJ made a physical determination without the benefit of a medical expert opinion. Dkt. 8-1, at 12. She claims that the only medical opinion the ALJ considered was a consultative examination from 2013—an opinion that was stale by the time of his determination. *Id.*

## III. ANALYSIS

Despite the 2013 opinion, ALJ Baird's RFC determination was supported by substantial evidence because he relied on other credible evidence in the record that succeeded Plaintiff's 2015 surgery.

An ALJ must "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013); *accord Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d. Cir. 2022). The ultimate RFC determination does not need to correspond "with any of the opinions of medical sources cited in [the ALJ's] decision." *Matta*, 508 F. App'x at 56. And

7

where "'the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity' a medical source statement or formal medical opinion is not necessarily required[.]" *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017) (quoting *Tankisi v. Comm'r of Soc. Sec.*, 421 F. App'x 29, 34 (2d Cir. 2013)); *see Corbiere v. Berryhill*, 760 F. App'x 54, 56 (2d Cir. 2019).

## A. The ALJ's RFC determination was supported by substantial evidence.

Plaintiff argues that the ALJ's reliance on Dr. Liu's 2013 opinion was improper because the opinion was stale. *See* Dkt. 8-1, at 15. Dr. Liu opined that Plaintiff has a mild-to-moderate limitation for prolonged walking, bending, and kneeling. Tr. 1161. This finding is consistent with Plaintiff's allegations of chronic pain and fatigue. Plaintiff's basis for her staleness argument is that the opinion preceded her 2015 lumbar surgery. *Id.* The Court disagrees.

A stale opinion is one that was "rendered before some significant development in the claimant's medical history." *Vincent B. v. Comm'r of Soc. Sec.*, 561 F. Supp. 3d 362, 367 (W.D.N.Y. 2021) (internal quotation marks and citation omitted); *see also Camille v. Colvin*, 104 F. Supp. 3d 329, 343-344 (W.D.N.Y. 2015). In considering whether a medical opinion is stale, courts have frequently pointed to "surgeries occurring subsequent to the medical opinion as evidence of the claimant's condition." *Vincent B.*, 561 F. Supp. 3d at 367 (quoting *Nagy v. Saul*, No. 19-CV-300-MJR, 2020 WL 3118569, at *5 (W.D.N.Y. Jun. 12, 2020)) (internal quotation marks omitted). While passage of time does not necessarily render an opinion stale,

8

a fresh opinion must necessarily "account for the claimant's deteriorating condition." *Biro v. Comm'r of Soc. Sec.*, 335 F. Supp. 3d 464, 470 (W.D.N.Y. 2018).

Here, Plaintiff received lumbar surgery in 2015, which improved her conditions such that she was able to return to work styling hair at substantial gainful activity levels. *See* Tr. 1163. She testified that her overall pain was more tolerable after surgery. *Id.* Plaintiff also reported improved pain management and increased physical functioning in 2016. *Id.* at 1162. In 2016, Plaintiff reported pain in her lower back and difficulty falling asleep. Tr. 1026, 1041. She also reported severe neck pain in 2018. Tr. 1136.

Plaintiff's reports are insufficient to show that her degenerative disc disease was more severe following her surgery in 2015 than contemplated by Dr. Liu in 2013. *Cf. Anthony T. v. Comm'r of Soc. Sec.*, No. 21-CV-12 JLS, 2023 WL 155743, at *3 (W.D.N.Y. Jan. 9, 2023) ("Even after this second surgery, Plaintiff's range of motion in his right ring finger was limited."). Dr. Liu's opinion, therefore, was not stale because Plaintiff's condition improved following her 2015 surgery. Indeed, Plaintiff stated in physical therapy records that it was "very rare" for her to experience pain. Tr. 1162. Plaintiff's back pain since her 2015 surgery improved with physical therapy. *Id.*

### B. The ALJ cited medical testimony in the record to support his RFC determination.

Even if Dr. Liu's opinion were stale, the ALJ's RFC finding was still supported by substantial evidence. Substantial evidence is "evidence that a

9

reasonable mind might accept as adequate to support a conclusion." *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019). Plaintiff argues that the ALJ's RFC was not supported by substantial evidence because it was made without the guidance of a medical expert opinion. *See* Dkt. 10, at 1. However, an RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ. *See* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) ("We will assess your residual functional capacity based on all the relevant evidence in your case record."); *id.* §§ 404.1546 416.946(c) ("[T]he administrative law judge or the administrative appeals judge at the Appeals Council . . . .is responsible for assessing your residual functional capacity"), *see Michael N. v. Comm'r of Soc. Sec.*, No. 1:21-CV-144 (JLS), 2023 WL 3317903, at *1 (W.D.N.Y. May 9, 2003).

Despite the ALJ's reliance on Dr. Liu's opinion, the ALJ made his RFC determination based on the relevant evidence in Plaintiff's case record. The ALJ cited relevant medical evidence to find that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. *See* Tr. 1159. Although Plaintiff claimed she suffered chronic low back pain after 2015, medical testimony from 2020 and 2021 indicates that she has only "occasional . . . mild pain in the low left back" and "[no] back symptoms," indicating her condition improved such that she would be capable of performing at least sedentary work. *See* Tr. 1398-1413.

The Court rejects Plaintiff's argument that the ALJ erred by considering only medical testimony from 2013. The ALJ considered other assessments of Plaintiff's physical functional limitations after her lumbar surgery in 2015. *See* Tr. 1162. And the ALJ is entitled to reach an RFC finding without the opinion of a treating source as long as the record contains evidence from which the ALJ could assess plaintiff's limitations—such as treatment notes, physician's findings, or testimony about plaintiff's activities of daily living. *See Corbiere*, 760 F. App'x at 56 (affirming the Commissioner's final decision despite the lack of a medical opinion expressly discussing plaintiff's physical limitations and relying on plaintiff's treatment notes to formulate the RFC).

Instead of relying on the opinion of a single physician, the ALJ based his RFC determination on medical records and office notes from Dr. Edward Simmons and Luke Martinic, PA, from General Orthopedics, P.C., Dr. Robert Lee from Buffalo Medical Group, and physical therapists at Pinnacle Therapy Center. *See* Tr. 1050-1418. The ALJ found that the medical record did not contain consistent reports of chronic pain and fatigue such that the claimant's allegations can reasonably be accepted as consistent with the objective medical evidence and other evidence. *Id.* at 1162-63. The ALJ also cited evidence that, in 2017, Plaintiff testified that she can play video games, do housework, and go shopping. *Id.* at 1163. Thus, the ALJ's finding that Plaintiff is not disabled was based on substantial evidence.[4]

---

[4] The ALJ also noted that there was a discrepancy between Plaintiff's claims made to the SSA for SSI and for unemployment benefits she received during the alleged period of disability. *See* Tr. 1159. To receive New York unemployment insurance

## CONCLUSION

For these reasons, the Court **GRANTS** the Commissioner's motion for judgment on the pleadings (Dkt. 9) and **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. 8). The Clerk of the Court will close this case.

SO ORDERED.

Dated:   August 10, 2023
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

---

benefits, Plaintiff was required to testify that she was ready, willing, and able to work. *Id.* This inconsistency in Plaintiff's allegations further supports that her testimony claiming inability to work is not credible. *Id.*